UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILEE DIVISION
5:13-cv-68-RJC

| | |
|---|---|
| JUAN MANUEL JUAREZ-REYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CARLTON JOYNER, ) | |
| Administrator, Harnett ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Rule 4 Governing Section 2254 Proceedings.

**I.  BACKGROUND**

According to the website of the North Carolina Department of Public Safety, Petitioner is incarcerated for a term of twenty years and nine months following his conviction for second degree murder (principal), among other convictions, on April 6, 2009.  In his § 2254 petition, which is submitted under penalty of perjury, Petitioner identifies three of the charges for which he was convicted on April 6, 2009—second degree murder, and two counts of assault with a deadly weapon. The indictments allege that on November 23, 2007, Petitioner operated a motor vehicle on Highway 105 in Boone, North Carolina, while under the influence of an impairing substance and caused the death of one occupant of another vehicle and serious injury to two of the other occupants of that vehicle. (Doc. No. 1-2 at 23-31).  In all, Petitioner was indicted for seven (7) offenses and the charges were consolidated for trial. (Doc. No. 1-3 at 3). However,

1

Petitioner reached a plea agreement with the State and pleaded guilty to second degree murder, two counts of assault with a deadly weapon, and driving while impaired. (Id. at 20-21). Petitioner's judgments of conviction were filed on April 6, 2009, and he did not file an appeal to the North Carolina Court of Appeals. (Doc. No. 1 at 1-2, Doc. No. 1-3 at 23-30: Judgments).

On March 17, 2011, Petitioner filed a motion for appropriate relief ("MAR") in the Watauga County Superior Court and challenged his sentencing, his indictments, the voluntariness of his guilty plea, and the effectiveness of his trial counsel. The superior court denied the MAR in its entirety on April 4, 2011. On March 6, 2013, some two years after the superior court denied his MAR, Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals. Here, Petitioner offered the same arguments as in his MAR and raised an additional claim that the superior court applied an incorrect standard of review in assessing the merits of his MAR. (Doc. No. 1 at 2-3). In an order filed March 25, 2013, the court of appeals denied his petition. (Id. at 3-4, Doc. No. 1-1 at 2). This § 2254 proceeding follows and therein Petitioner raises the same claims for relief as in his MAR and before the court of appeals. In addition, Petitioner moves the Court for appointment of counsel.[1]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;

---

[1] There is no absolute right to counsel in a Section 2254 proceeding. For the reasons discussed herein, the Court finds that Petitioner's § 2254 petition is clearly time-barred and he has failed to present a prevailing claim for equitable tolling, therefore, his motion to appoint counsel will be denied.

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

    A.    <u>Statute of Limitations</u>

Petitioner's criminal judgments were filed on April 6, 2009, and Petitioner did not file a notice of appeal from these criminal judgments or otherwise challenge them until he filed his MAR on March 17, 2011. (Doc. No. 1 at 3). As stated, Petitioner's MAR was denied on April 4, 2011. (Doc. No. 1-2 at 1). Roughly two years later, on March 6, 2013, Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals, which was denied on March 25, 2013. (Doc. No. 1-1 at 2).

Under North Carolina law, Petitioner must have filed his notice of appeal to the North Carolina Court of Appeals within 14-days from entry of his judgments, or on or about April 20, 2009. <u>See</u> <u>State v. Owens</u>, 732 S.E.2d 571, 572 (N.C. 2012). As Petitioner did not file a notice of appeal, his judgments became final on April 20, 2009, and he then had one year from that date to file a petition under Section 2254 challenging his judgments. <u>See</u> 28 U.S.C. § 2244(d)(1)(A) (providing that the one-year time period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner filed the present Section 2254 petition at the earliest on April 25, 2013, the date on which it appears that he delivered his petition to prison authorities for mailing to the

clerk of court. (Doc. No. 1 at 14). See Houston v. Lack, 487 U.S. 266, 276 (1988). Given this date of mailing, it appears that Petitioner's federal habeas petition is filed just over three years outside the one-year statute of limitations. The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); Erline Co. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006).

Petitioner contends his petition is timely under § 2244(d)(1)(C) based on an opinion filed by the Supreme Court on March 20, 2012, which he asserts is retroactive to cases on collateral review. Petitioner cites Martinez v. Ryan, 132 S. Ct. 1309 (2012), and argues that Martinez provided new, controlling law requiring the appointment of counsel in collateral proceedings when a petitioner seeks to raise a claim of ineffective assistance of counsel. (Doc. No. 1 at 13). Martinez provides no assistance to Petitioner. In Martinez, the Court examined the question of "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Id. at 1313. As this record makes clear, Petitioner presented no claims to the State court until March 17, 2011, which is almost two years after his conviction became final and nearly one year after his one-year statute of limitations period had run. Moreover, Martinez did not announce a new rule of constitutional law as required by § 2244(d)(1)(C). See Adams v. Thaler, 679 F.3d 312, 323 n.6 (5th Cir. 2012) ("[T]he Court's decision was an 'equitable ruling' that did not establish a 'new rule of constitutional law.'"); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) ("Martinez cannot form the basis for an application for a second or successive motion because it did not announce a new rule

4

of constitutional law."). Notwithstanding these findings, Petitioner's § 2254 petition would still be untimely as Petitioner did not file the motion until April 25, 2013, and Martinez was filed on March 20, 2012, therefore Petitioner's reliance on the one-year limitations period as provided in § 2244(d)(1)(C) must fail as his petition was filed 36 days late.

Finally, Petitioner's argument that his petition is timely under § 2254(d)(1)(D) is without merit. Petitioner contends that he recently "discovered" new evidence that his second-degree murder indictment was fatally flawed because it did not allege an element of the offense. Petitioner was indicted on February 11, 2008. (Doc. No. 1-2 at 23). His present contention that malice aforethought, an essential element of second-degree murder, see N.C. Gen. Stat. § 14-17(b), was not proven beyond a reasonable doubt by the State is foreclosed for two reasons. First, Petitioner entered a guilty plea under oath to the second-degree murder indictment which alleges malice aforethought. Second, Petitioner had every opportunity to raise this claim, even though without merit, at any time before, during, or within one year of entry of his guilty plea and immediate entry of judgment. This argument is denied.

      B.      Equitable Tolling

An untimely § 2254 petition can be considered on the merits if the petitioner successfully "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner's argument in support of equitable tolling is unavailing. (Doc. No. 1 at 13). The Court has already found that Petitioner's reliance on § 2244(d)(1)(C) and (D) is misplaced. And the Court further finds that Petitioner clearly should have appreciated the arguments he wanted to present within one year from the date his judgment became final. In sum, the Court finds that the

5

arguments Petitioner now seeks to raise were or should have been apparent and explored on challenge, if at all, through the initiation of State proceedings. Petitioner's effort to present these arguments is untimely and his petition will be dismissed.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus, (Doc. No. 1), is **DISMISSED** as untimely;

2. Petitioner's motion to proceed *in forma pauperis*, (Doc. No. 2), is **GRANTED**;

3. Petitioner's motion to appoint counsel, (Doc. No. 4), is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge